Conway B, J. This was an action of detinue instituted in the Pulaski circuit court for the recovery of the steamer, Lady Morgan. At the trial below the plaintiffs offered as evidence a bill of sale of the boat given by themselves to Willett Wayman, the defendants objected to its introduction and the court excluded it. The plaintiffs excepted and have brought the case into this court upon the exception. We think the court properly rejected the bill of sale; for instead of its conducing to prove title to the boat in the plaintiffs, it shows-that they had sold it to Wayman in May 1839 for $6500; that he then paid them $2500 cash, and gave them two notes with security for the balance payable in three and six months. It is true that in the bill of sale, plaintiffs say they “are to retain a lien on the boat until the notes are discharged.” But this is a mere suggestion, no stipulation, and is entirely nugatory. It is but another proof of the maxim that there is a difference between one’s saying he would do a thing and doing it. However, even supposing the plaintiffs had a lien on the boat (unless by mortgage) they lost it forever when they parted with its possession, for a lien is only co-existent with the possession of the article and being once surrendered cannot be revived by any subsequently acquired possession. “ A lien is not in strictness either a jus in re, or a jus in rem, but simply a right to possess and retain property until some charge attaching to it is paid and discharged.” 1 Story’s Eq. 483. Long on P. P. 150-1. Sweet vs. Pym, 1 East 4. Kenlock vs. Craig, 3 T. R. 119. If plaintiffs held a mortgage upon the boat they should have produced it. The mere allegation in the bill of sale that they retained a lien cannot be considered a mortgage nor as evidence that plaintiffs had one. Judgment affirmed.